IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MELISSA RAMSEY, individually and o/b/o similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 18-00933-CV-W-ODS |
| vs. | ) ) | |
| H&R BLOCK INC., et al., | ) ) | |
| Defendants. | ) ) | |

ORDER AND OPINION (1) DENYING DEFENDANTS' MOTION TO COMPEL
ARBITRATION, (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO STRIKE REPLY OR FOR LEAVE TO FILE SUR-REPLY,
(3) DIRECTING PLAINTIFF TO FILE NOTICE REGARDING JURY TRIAL REQUEST,
(4) SETTING DEADLINE FOR DEFENDANTS' ANSWER, AND (5) DIRECTING
PARTIES TO MEET AND CONFER AND JOINTLY PROPOSE SCHEDULING ORDER

Pending are Defendants' Motion to Compel Arbitration on an Individual Basis
(Doc. #22), and Plaintiff's Motion to Disregard/Strike, or in the Alterative, for Leave to
File Sur-Reply (Doc. #30). For the following reasons, Defendants' motion is denied, and
Plaintiff's motion is granted in part and denied in part.


I.     BACKGROUND[1]

From October 2010 to June 2011, Plaintiff Melissa Ramsey was a branch
manager at H&R Block's Fairway, Kansas location.[2] In November 2018, Plaintiff filed
this putative class action against Defendants H&R Block, Inc. and H&R Block Tax
Services LLC, alleging Defendants, along with other entities and persons, "enacted a
scheme related to the recruitment of employees and potential employees, which
included policies and agreements not to solicit or recruit without prior approval [from]
each other's personnel." Doc. #1, ¶ 17. According to Plaintiff, the franchise agreement
between Defendants and their franchisees included a restriction on competition: "During

---

[1] Unless otherwise noted, information in this section was taken from Plaintiff's
Complaint. Doc. #1.
[2] It is unclear if Plaintiff worked for H&R Block, Inc. or a related entity.

the term of this agreement, neither Franchisee nor any of Franchisee's Associates will, without H&R Block's prior written consent…[s]olicit for employment any person who is employed by H&R Block or by any other franchisee of H&R Block." *Id.* ¶¶ 18, 36-40. Defendants adhered to the same agreement in company-owned stores. *Id.* ¶¶ 19, 41. Among other things, Plaintiff alleges the "purpose and effect of this scheme was to limit and suppress mobility and compensation for class members." *Id.* ¶¶ 20-21, 66-74. Plaintiff alleges Defendants violated the Sherman Act.

Defendants move to compel arbitration on an individual basis. Doc. #22. They argue Plaintiff, in 2017, agreed to arbitrate all claims against Defendants when she applied for a seasonal position (for which she was not hired) at H&R Block's corporate offices in Kansas City, Missouri. According to the Vice President and Secretary for H&R Block Tax Services LLC, "the mutual arbitration agreement that Plaintiff signed," in relevant part, included the following:

> **ARBITRATION AGREEMENT.** HRB Tax Group, Inc., and such other H&R Block business entity for which I am applying for employment/ assignment or for which I may become employed, (collectively, "H&R Block") and I mutually understand, contract and agree…that any and all claims and/or disputes, past, present or future, arising out of or related to my application for employment, employment, and/or the termination of my employment, shall be decided by a single arbitrator through arbitration and not by way of court or jury trial.
>
> \* \* \* \*
>
> [T]his Arbitration Agreement applies to any and all claims that otherwise would be resolved in a court of law or before a forum other than arbitration under applicable state, federal or other law, including without limitation, claims and/or disputes that the Company[3] may have against me or that I may have against: (1) the Company, (2) the officers, directors, employees, or agents of the Company, and (3) all successors and assigns of any of them.
>
> \* \* \* \*
>
> **Class Action Waiver:** The Company and I agree that all arbitrations shall proceed on an individual basis. Accordingly, the Company and I agree and hereby waive any right for any dispute to be heard, decided or arbitrated as a class and/or collective action and the arbitrator will have no authority to hear or preside over any such claim…. To the extent this

---

[3] "Company" includes "H&R Block and H&R Block's direct or indirect parents, subsidiaries, affiliates and/or related entities…." Doc. #23-1, at 5.

Class Action Waiver is determined to be invalid, unenforceable, or void, any class action must proceed in a court of law and not in arbitration.

* * * *

**THE COMPANY AGREES TO BE BOUND BY THE TERMS SET FORTH ABOVE.  BY CLICKING "SAVE AND CONTINUE" BELOW, YOU ARE ELECTRONICALLY SIGNING THIS ARBITRATION AGREEMENT.  DO NOT ELECTRONICALLY SIGN UNTIL YOU HAVE CAREFULLY READ THE ABOVE ARBITRATION AGREEMENT.  BY ELECTRONICALLY SIGNING BELOW, YOU ARE AGREEING THAT YOU HAVE CAREFULLY READ THIS ARBITRATION AGREEMENT AND ARE VOLUNTARILY GIVING UP YOUR RIGHT TO A COURT OR JURY TRIAL, AND THAT YOU AND THE COMPANY ARE AGREEING TO ARBITRATE DISPUTES COVERED BY THIS ARBITRATION AGREEMENT.  YOU ALSO ACKNOWLEDGE AND AGREE THAT YOUR ELECTRONIC SIGNATURE BELOW IS BINDING LIKE A WRITTEN SIGNATURE IN INK.  THIS APPLICATION CONTAINS A BINDING ARBITRATION AGREEMENT WHICH MAY BE ENFORCED BY THE PARTIES.**

Doc. #23-1 (emphasis in original); Doc. #29-1 (emphasis in original).

Plaintiff filed her opposition to Defendants' motion to compel arbitration (Doc. #27), and Defendants filed their reply (Doc. #28).  Plaintiff then moved to strike Defendants' reply, or in the alternative, allow her to file a sur-reply.  Doc. #30.  Both motions are now fully briefed.

## II.    DEFENDANTS' MOTION TO COMPEL ARBITRATION

Whether parties agreed to arbitrate disputes is a question for judicial determination.  *Neb. Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 740-41 (8th Cir. 2014) (citation omitted).  A court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute."  *Pro Tech Indus. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004); *see also Int'l Bhd. of Elec. Workers v. Hope Elec. Corp.*, 380 F.3d 1084, 1098-99 (8th Cir. 2004). This is because arbitration is a matter of consent.  Absent an enforceable agreement to arbitrate a particular dispute, neither party can compel arbitration of that dispute.  *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299-300 (2010); *Bank of Am., N.A. v. UMB Fin. Servs., Inc.*, 618 F.3d 906, 911 (8th Cir. 2010) (quoting *Berkley v. Dillard's Inc.,* 450 F.3d 775, 777 (8th Cir. 2006)).  State law must be applied to

determine if a binding agreement exists. *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 629-31 (2009); *Bank of Am.*, 618 F.3d at 911. Defendants contend Kansas law applies because Plaintiff was employed in Kansas, or Missouri law applies because all parties are Missouri citizens. Doc. #23, at 7. Regardless of which law governs, Defendants concede the result will be the same. *Id.* Plaintiff cites Missouri law because the matter was filed in Missouri, and she lives in Missouri. Doc. #27, at 7.

Under Missouri and Kansas law, the party seeking to compel arbitration bears the burden of proving a valid and enforceable arbitration agreement exists. *LoRoad, LLC v. Glob. Expedition Vehicles, LLC*, 787 F.3d 923, 927 (8th Cir. 2015) (citing *Baier v. Darden Rests.*, 420 S.W.3d 733, 737 (Mo. Ct. App. 2014)); *Howard v. Ferrellgas Partners, L.P.*, 92 F. Supp. 3d 1115, 1129-30 (D. Kan. 2015) (citations omitted). A valid contract under Missouri and Kansas law requires offer, acceptance, and bargained for consideration. *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. banc 2014); *Howard*, 92 F. Supp. 3d at 1124. Plaintiff contends the arbitration agreement was "*at best* an offer to enter into an arbitration agreement," but she fails to set forth evidence, argument, or legal authority establishing it was not an offer. Doc. #27, at 12. And Plaintiff does not address consideration. *See* Docs. #27, 30-1. Rather, she concentrates on acceptance. The Court will do the same.

"Arbitration is strictly a matter of consent." *Granite Rock Co.*, 561 U.S. at 299 (citation omitted). Arbitration may be ordered "only where the court is satisfied that the parties agreed to arbitrate *that* dispute." *Id.* at 297 (emphasis in original) (citation omitted). There must be "a definite offer and unequivocal acceptance" to establish a meeting of the minds. *Baier*, 420 S.W.3d at 738 (citations omitted); *Lindsey Masonry Co. v. Murray & Sons Constr. Co.*, 390 P.3d 56, 61 (Kan. Ct. App. 2017) (stating "[c]ontract formation requires an unconditional and positive acceptance."). When faced with an online agreement, such as the one in this matter, courts "apply traditional principles of contract law and focus on whether the plaintiff had reasonable notice of and manifested assent to the online agreement." *Major v. McCallister*, 302 S.W.3d 227, 229 (Mo. Ct. App. 2009) (citations omitted and internal quotations omitted). "Assent is

manifested on clickwrap[4] sites, usually by clicking a box or a button (i.e., 'I Agree')." *Id.* (citations omitted).

According to the declaration of Defendants' Vice President and Secretary, Plaintiff applied online for the position of "Client Services Social Media Rep-Seasonal" on October 13, 2017.[5] Doc. #23-1, at 2-3; Doc. #29, at 2. Defendants represent the online employment application included a mutual arbitration agreement, and Plaintiff "signed" or "electronically signed" the arbitration agreement. Doc. #23, at 5, 7; Doc. #23-1, at 3; Doc. #29, at 2. They maintain Plaintiff assented to the arbitration agreement when she clicked the "save and continue" button to move forward with her online application. Doc. #28, at 10-11. Defendants also represent it "would have been impossible for any applicant, including Plaintiff, to have submitted an application… without signing the arbitration agreement…." Doc. #29, at 2.

In addition to the declaration, Defendants provide "true and accurate" copies of the arbitration agreement Plaintiff "signed" as well as "the complete online application used for the Client Services Social Media-Rep Seasonal position in October 2017." Doc. #29, at 3; Doc. #29-1; Doc. #29-2; Doc. #29-3. The online application allows an individual to "sign in" or "create a new account" to apply for a position with Defendants. Doc. #29-3, at 3, 5. The creation of a new account requires the individual's email address and creation of a password. *Id.* at 5. In the online application, an individual must include his/her full name, address, primary phone number, and email address. *Id.*

---

[4] "A clickwrap agreement appears on an internet webpage and requires that a user consent to any terms or conditions by clicking on a dialog box on the screen in order to proceed with the internet transaction." *Feldman v. Google, Inc.,* 513 F. Supp. 2d 229, 236 (E.D. Pa. 2007)); *see also Davidson & Assocs., Inc. v. Internet Gateway, Inc.*, 334 F. Supp. 2d 1164, 1176 (E.D. Mo. 2004) (citation omitted).

[5] Plaintiff raises concerns about the authenticity of exhibits attached to the declaration. The declarant stated his declaration was based upon "personal knowledge of the facts and matters…or [he] determined that such facts and matters are true and correct on the basis of information obtained from records kept in the ordinary course of business and/or information brought to [his] attention by individuals upon whom [he] regularly rel[ies]." Doc. #29, at 2. Evidence may be authenticated by a "witness with knowledge" testifying the evidence is what it is claimed to be. Fed. R. Evid. 901(b)(1). While it appears the declaration's exhibits were authenticated, it is unnecessary for the Court to address this issue given the reasons for its decision on the motion to compel arbitration.

at 12-13.  The applicant must also consent to a background check, and to do so, he/she must provide his/her date of birth and social security number.  *Id.* at 28.

When she applied, Plaintiff presumptively provided the required information. However, Defendants do not provide a copy of the employment application Plaintiff completed, a signed copy of the application, or any electronic record establishing Plaintiff actually applied for the position and agreed to arbitrate her claims.  No documents bear Plaintiff's electronic signature or other electronic indication of assent to arbitration.  Other than a declaration averring Plaintiff applied for a position on a date certain and it was impossible for her to apply for the position without agreeing to arbitration, nothing links the "true and accurate" copies of the employment application and arbitration agreement to Plaintiff.

Defendants' attempt to show Plaintiff agreed to arbitrate her claims is similar to the defendant's attempt to show acceptance to an arbitration agreement in *Welk Resort Sales, Inc. v. Bryant*, No. 17-03197-CV-S-SWH, 2018 WL 1309738 (W.D. Mo. Mar. 13, 2018).  In *Welk*, the defendant submitted a declaration from its human resources manager.  *Id.* at *2.  The human resources manager stated arbitration agreements were offered to individuals "who sought and were offered employment" with the defendant, and the plaintiff agreed to arbitration.  *Id.* at *2.  Accompanying the declaration was a "true and accurate copy" of the arbitration agreement the defendant offered the plaintiff, which the human resources manager claimed was kept in the plaintiff's personnel file. *Id.* at *2.  Although the arbitration agreement called for the plaintiff's signature, the defendant did not provide a signed arbitration agreement.  *Id.*  Similar to the declaration presented to this Court, the declarant did not indicate she witnessed the plaintiff sign the arbitration agreement, but instead, simply stated employees were offered an arbitration agreement.  *Id.* at *3.  The Honorable Sarah W. Hays found the defendant did not provide "conclusive evidence of mutual assent" to arbitrate, and therefore, she could not find mutual assent.  *Id.*

The evidence presented in this matter is unlike other matters where courts have found an individual assented to arbitration via a website or other electronic means.  For example, Defendants do not provide evidence that Plaintiff entered her social security number, name, and checked a box indicating she was completing an online application.

*See Strain v. Murphy Oil USA, Inc.*, No. 6:15-CV-3245-MDH, 2016 WL 540810, at *3-4 (W.D. Mo. Feb. 9, 2016) (finding the plaintiff agreed to arbitrate because there was evidence that, when she filled out her online application, the plaintiff entered her social security number, provided her name, checked a box indicating she completed an online signature for the arbitration agreement, and appearing under her name was a "confirmation" that she was subject to an arbitration agreement). Also, Defendants do not submit records showing Plaintiff used a unique username, identification number, and/or password to fill out and complete the online job application. *Franklin v. Cracker Barrel Old Country Store*, No. 4:17CV00289, 2017 WL 7691757, at *1-4 (E.D. Mo. Apr. 12, 2017) (noting the defendant submitted records showing the plaintiff, using her employee identification number and unique password, launched the "arbitration module" and clicked "mark complete" on a certain date, and finding there was evidence of assent to arbitration); *Burcham v. Expedia, Inc.*, No. 4:07CV1963 CDP, 2009 WL 586513, at *1-2 (E.D. Mo. Mar. 6, 2009) (finding the plaintiff agreed to arbitrate his claims because the defendant's affidavit demonstrated the plaintiff made an online reservation with his previously created account and identified the plaintiff's username and email associated with the reservation); *Karzon v. AT&T, Inc.*, No. 4:13CV2202, 2014 WL 51331, at *1-2 (E.D. Mo. Jan. 7, 2014) (stating the defendant's records established the plaintiff, with his "unique username and password," accessed the email and webpage pertaining to the arbitration agreement and clicked the "review completed" button, and thus, the plaintiff accepted the arbitration agreement).

While Defendants argue other courts have enforced similar H&R Block arbitration agreements, those cases are easily distinguishable from the facts in this matter. In all four cited matters, the signed employment agreement, which contained an arbitration provision, was provided to the Court. *Franklin v. H&R Block*, No. 4:16-CV-666-JAR, 2016 WL 7033766, at *1-2 (E.D. Mo. Dec. 2, 2016); Doc. #27-4; *Murphy v. HRB Green Res., LLC*, No. 16-CV-4151-EDL, 2016 WL 11527027, at *4 (N.D. Cal. Oct. 14, 2016); *Murphy*, No. 16-CV-4151 (Doc. #7-1, at 5-8); *McClure v. H-N-R Block*, No. 1:15-CV-17, 2015 WL 2188972, at *1 (N.D. Ind. May 11, 2015); *McClure*, No. 1:15-CV-17 (Doc. #9-1); *Perera v. H&R Block E. Enters., Inc.*, 914 F. Supp. 2d 1284, 1286 (S.D. Fla. 2012);

Doc. #27-3.  Here, Defendants fail to present documentation showing Plaintiff signed or "electronically signed" the employment application containing the arbitration agreement.

After reviewing the parties' briefs and exhibits and considering the applicable legal authority, the Court finds Defendants have not demonstrated an "equivocal acceptance" and/or "unconditional and positive acceptance" by Plaintiff to the arbitration agreement.  By failing to establish Plaintiff's acceptance, Defendants have not met their burden of proving a valid arbitration agreement exists.  Accordingly, the Court finds Plaintiff has raised a genuine issue of material fact as to formation of a valid arbitration agreement.  Therefore, Defendants' motion to compel arbitration is denied.

## III.    PLAINTIFF'S MOTION TO STRIKE OR FILE SUR-REPLY

Plaintiff moves to strike Defendants' reply because, according to her, Defendants raised new arguments and evidence.  Alternatively, Plaintiff seeks leave to file a sur-reply.  In response, Defendants state, among other things, they "have no objection to Plaintiff's alternative request to file a Sur-Reply" so long as the Court considers declarations Defendants filed in matters pending in Illinois, which are mentioned in Plaintiff's sur-reply.  Doc. #31, at 2.  Plaintiff did not file a reply in further support of her motion, and the time for doing so has passed.  L.R. 7.0(c)(3).

Plaintiff's motion for leave to strike Defendants' reply is denied, but her alternative request for leave to file a sur-reply is granted.  With the exception of Plaintiff's arguments related to proceedings in the Northern District of Illinois, which are not relevant to the particular issue before the Court, the sur-reply attached to Plaintiff's motion was considered by the Court in ruling Defendants' motion to compel arbitration.

## IV.    PLAINTIFF'S REQUEST FOR TRIAL

Pursuant to the Federal Arbitration Act ("FAA"), Plaintiff argues she is entitled to discovery and a trial on the existence of the arbitration agreement.  Defendants oppose the request, arguing there are no factual disputes.  Section 4 of the FAA provides the following:

> If the making of the arbitration agreement…be in issue, the court shall proceed summarily to the trial thereof.  If no jury trial be demanded by the party alleged to be in default,…the court shall hear and determine such

issue.  Where such an issue is raised, the party alleged to be in default may…on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose.  If the jury find that no agreement in writing for arbitration was made…, the proceeding shall be dismissed.  If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

9 U.S.C. § 4.

According to the Eighth Circuit, district courts may "decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration."  *Nebraska Mach. Co.*, 762 F.3d at 743 (citation omitted).  But "if the motions record reveals a material issue of fact, the FAA maintains that the court move summarily to trial."  *Id.* (citation omitted).  "[W]hen that trial is not demanded by the party opposing arbitration, 'the court shall hear and determine such issue.'"  *Id.* (quoting 9 U.S.C. § 4).  If issues of fact remain with regard to the formation of an arbitration agreement, the district court must "summarily proceed to trial on those issues as the FAA instructs."  *Id.* at 744 (citation omitted) (finding the district court erred in failing to proceed to trial on the factual issue of the arbitration agreement's formation); *see also Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012) (finding "a trial is warranted only if there exists one or more genuine issues of material fact regarding whether the parties have entered into such an agreement.").

As set forth *supra*, issues of fact remain with regard to whether Plaintiff accepted the arbitration agreement.  Accordingly, the Court finds a trial is necessary.  The FAA permits the Court to decide the issue if Plaintiff does not demand a jury trial.  9 U.S.C. § 4.  By no later than May 24, 2019, Plaintiff shall file a notice informing the Court as to whether she requests a jury trial on the existence of a valid arbitration agreement.

## V.     DEFENDANTS' RESPONSE TO PLAINTIFF'S COMPLAINT

Defendants sought leave to sequence responsive pleadings by first filing their motion to compel arbitration, and if the Court denied that motion, then they would file a

response to Plaintiff's Complaint.  Doc. #12.  Plaintiff agreed to this request, and the Court granted the motion.  Docs. #15, 17.  Given the ruling on Defendants' motion to compel arbitration, a deadline must be set for Defendants' response to Plaintiff's Complaint.  By no later than May 31, 2019, Defendants shall file their answer(s) or otherwise respond to Plaintiff's Complaint.

## VI.    SCHEDULING ORDER

In March 2019, the Court informed the parties that the deadlines for the Rule 26 conference and joint proposed scheduling order would be reset if Defendants' motion to compel arbitration was denied.  Doc. #26.  In light of the Court's ruling and Plaintiff's request for a trial on the existence of a valid arbitration agreement, the parties are directed to meet and confer by no later than June 7, 2019, and file a joint proposed scheduling order by June 14, 2019.  The parties' meeting and joint proposed scheduling order shall address whether discovery is permitted and necessary for the limited issue to be tried, the timeframe within which to conduct discovery (if permitted and necessary), deadlines to submit exhibit and witness lists, estimated length of trial, and potential dates for trial.  If, after trial, the Court (or jury) determines a valid arbitration agreement does not exist, the Court will direct the parties to hold a Rule 26 conference and file a joint proposed scheduling order related to the claims in this lawsuit.

## VII.    CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration is denied, and Plaintiff's motion to strike or for leave to file a sur-reply is granted in part and denied in part.  The Court also sets forth the following deadlines:

(a)    By no later than May 24, 2019, Plaintiff shall file a notice stating whether she requests a jury trial on the existence of a valid arbitration agreement;

(b)    By no later than May 31, 2019, Defendants shall file their answer(s) or otherwise respond to Plaintiff's Complaint;

(c)    By no later than June 7, 2019, the parties shall meet and confer about discovery, deadlines, and trial related to the existence of a valid arbitration agreement; and

(d)     By no later than June 14, 2019, the parties shall file their joint proposed scheduling order.

IT IS SO ORDERED.

DATE: May 13, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT